**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NANDO KARIMUN HUTABARAT, | No. 08-72812 |
| Petitioner, | Agency No. A095-630-033 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 2, 2011[**]

Before:     LEAVY, IKUTA, and N. R. SMITH, Circuit Judges.

Nando Karimun Hutabarat, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for withholding of

removal. Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Hutabarat did not experience harms in Indonesia amounting to past persecution. *See id.* at 1059-60 (the record did not compel a finding of past persecution where youths beat petitioner and robbed his sandals and pocket money, and petitioner was accosted by a threatening mob). Substantial evidence also supports the agency's determination that Hutabarat failed to demonstrate a clear probability of future persecution. *See Lolong v. Gonzales*, 484 F.3d 1173, 1181 (9th Cir. 2007) (en banc). We lack jurisdiction to review Hutabarat's disfavored group claim, because he did not raise it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). Accordingly, Hutabarat's withholding of removal claim fails.

We deny the government's request for supplemental briefing in this proceeding.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**